UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS, | No. 2:11-cv-02585-JFM P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SALINAS, et al., | |
| Defendants. | |

**I.    INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's complaint, filed September 30, 2011, against defendants S.M. Salinas, B. Landingham, E. Reynoso, W. Shirgul and J. Cerda, for a violation of his Eighth Amendment rights. ECF No. 1. Pending before the court is defendants' motion for summary judgment and motion to dismiss based on a failure to first exhaust administrative remedies, filed on December 14, 2012. ECF No. 29.

Plaintiff's claim arises from an incident that took place on February 2, 2011. ECF No. 1. In his complaint, plaintiff alleges he requested to be placed in administrative segregation on December 30, 2010, but his request was denied. Id. Following this denial, plaintiff alleges he was "forced out to a yard with several members" of a gang who assaulted him on February 2, 2011. Id. at 5. As a result, plaintiff alleges that defendants violated his Eighth Amendment right

1

1  to be free from cruel and unusual punishment "because of prison officials past failure to provide

2  safe housing." Id.  In his complaint plaintiff claims he attempted to exhaust his administrative

3  remedies "but the prisons are not letting [him] and are abusing the 602 process." Id. at 3.

4      In their motion for summary judgment and motion to dismiss, defendants set forth three

5  arguments: (1) defendants did not violate plaintiff's Eighth Amendment rights by failing to

6  protect him; (2) defendants are entitled to qualified immunity; and (3) plaintiff failed to exhaust

7  administrative remedies.  ECF No. 29-1.

8      Plaintiff was informed of the requirements for opposing a motion to dismiss for failure to

9  exhaust administrative remedies on December 14, 2012.  ECF No. 29 at 3.  Plaintiff filed an

10  opposition February 21, 2013 (ECF No. 32), and defendants filed a reply on March 11, 2013

11  (ECF No. 35).  Plaintiff filed a sur-reply on June 6, 2013 (ECF No. 36), and defendants filed a

12  motion to strike plaintiff's sur-reply on June 13, 2013 (ECF No. 37).[1]

13      After a careful review of the record, the court finds defendants' motion to dismiss is

14  dispositive, and therefore does not reach defendants' remaining arguments regarding whether

15  defendants failed to protect plaintiff or are entitled to qualified immunity.

16  **II.  MOTION TO DISMISS - FAILURE TO EXHAUST**

17  A.  Legal Standard Regarding Exhaustion

18      The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

19  provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

20  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

21  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

22  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516,

23  524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

24  confinement, whether they involve general circumstances or particular episodes, and whether they

25  allege excessive force or some other wrong. Porter, 534 U.S. at 532.

26  /////

---

[1] The court finds defendants' motion to strike plaintiff's sur-reply should be denied as moot given the court's recommendation to grant defendants' motion to dismiss for failure to exhaust administrative remedies.

2

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records). The Supreme Court has cautioned courts against reading futility or other exceptions into the PLRA exhaustion requirement. See Booth, 532 U.S. at 741 n.6.

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Id. at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84. When the rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."

3

1  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This requirement is because the primary
2  purpose of a prison's administrative review system is to "notify the prison of a problem and to
3  facilitate its resolution." Griffin, 557 F.3d at 1120.

4        The State of California provides its prisoners the right to appeal administratively "any
5  departmental decision, action, condition or policy which they can demonstrate as having an
6  adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides
7  them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at
8  § 3084 .1(e).  In order to exhaust available administrative remedies within this system, a prisoner
9  must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
10  on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)
11  third level appeal to the Director of the California Department of Corrections and Rehabilitation.
12  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
13  3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement
14  under § 1997e(a). Id. at 1237–38.

15        Non-exhaustion under § 1997e(a) is an affirmative defense which is normally brought by
16  defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
17  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond
18  the pleadings to determine whether a plaintiff exhausted his administrative remedies. Id. at 1119-
19  20.  Nonetheless, it remains well established that credibility of witnesses over material factual
20  disputes cannot be resolved on paper.  Thus, when ruling on an exhaustion motion requires the
21  court to look beyond the pleadings in the context of disputed issues of fact the court must do so
22  under "a procedure closely analogous to summary judgment." Wyatt v. Terhune, 315 F.3d 1108,
23  1119, n.14 (9th Cir. 2003).  Doing so ensures that a process is followed to test whether disputes
24  over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine
25  and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of
26  by unrefuted declarations and exhibits.
27  /////
28  /////

B.   Analysis

At the time the underlying claims accrued, plaintiff was housed at Deuel Vocational Institute ("DVI"). In support of their motion, defendants provided the declaration of J.D. Lozano, Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 29-9. Chief Lozano described the grievance procedure for inmates held in the CDCR, and submitted a copy of plaintiff's appeal history indicating there were two appeals that were decided at the third level of review. Id. The first appeal that was denied at the third level of review addressed a grievance submitted by plaintiff on August 21, 2011, regarding a denial of food. ECF No. 29-10 at 2-14. The third level appeal decision was dated January 19, 2012; nearly four months after plaintiff filed his complaint. Id. at 2. The second appeal denied at the third level addressed a grievance filed by plaintiff on July 22, 2011. Id. at 16-40. In this grievance, plaintiff complains of having property taken from him by correctional officers. Id. at 20. The third level appeal decision was dated January 31, 2012; four months after plaintiff filed his complaint. Id. at 16.

Defendants also provided the declaration of R.S. den Dulk, Appeals Coordinator for DVI, who provided a copy of plaintiff's DVI appeal history which included two first level appeal screening letters. ECF Nos. 29-11 and 29-12. The screening letters indicate plaintiff's first appeal was rejected on June 15, 2011, for a failure to provide the date of the action or any supporting documents. ECF No. 29-12 at 2. The second screening letter indicates plaintiff's appeal was rejected as a duplicate, and plaintiff was referred to the June 15, 2011, screening letter for instructions. Id. at 4.

In support of his opposition to defendants' motion, plaintiff submitted a staggering number of exhibits in support of his argument that he "has [tried numerous] . . . times to exhaust [administrative remedies] and defendants would not let him by ignoring or not responding to" the

/////
/////
/////
/////

5

grievances he filed.[2]  ECF No. 32.  While the exhibits are disorganized and difficult to decipher, the court has conducted a thorough review of the documents.

Plaintiff submitted several duplicate grievance forms complaining of an assault.  See ECF No. 32 at 10-16, 18-19.  In this group of documents, there are two grievances that do not contain any indication of receipt by the DVI appeals office.  Id. at 10-11.  However, the third grievance, dated May 29, 2011, shows that it was rejected at the first level on June 10, 2011.  Id. at 18.  In this grievance, plaintiff alleges he was a victim of assault and also requests a copy of his 114-D and 128-G.  Id.  Both plaintiff and defendants provided the screening letter in response to this appeal.  ECF No. 29-12 at 2 and ECF No. 32 at 26.  In the first level screening letter, dated June 15, 2011 ("June screening letter"), plaintiff was informed that the appeal was being returned pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(13),[3] because he failed to provide the date of the action and any supporting documents.  Id.  Plaintiff was also advised of the procedure for obtaining copies of his 128-G and 114-D.  Id.  The June screening letter clearly states at the bottom that a rejected appeal cannot be appealed and that the inmate "should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b)."  Id.  Pursuant to Cal. Code Regs. tit. 15, § 3084.6(a)(2), "[a]n appeal that is rejected pursuant to subsection 3084.6(b) may later be accepted if the reason noted for the rejection is corrected and the appeal is returned by the inmate or parolee to the appeals coordinator within 30 calendar days of rejection."

/////

---

[2] The court notes that plaintiff submitted duplicate copies of his exhibits.  For example, ECF No. 32 at 10-45 is a duplicate of ECF No. 32-1 at 12-47; ECF No. 32 at 47 is a duplicate of ECF No. 32-1 at 48; ECF No. 32 at 49-68 is a duplicate of ECF No. 32-2 at 1-20; and ECF No. 32-1 at 1-11 is a duplicate of ECF No. 21-31.  The duplicate copies will not be considered.  The court also notes that plaintiff submitted a number of documents that are wholly unrelated to plaintiff's appeal regarding a failure to protect.  For example, plaintiff submitted thirty-one pages of documents related to a health care appeal in which plaintiff complains of "sharp pains" in his "throat and neck."  ECF No. 32 at 24-25, 36-40 and 43-66.  Plaintiff also submitted thirteen pages of documents that appear to be related to a rules violation report in which plaintiff was found guilty of "willfully delaying a peace officer in the performance of their duty."  ECF No. 32 at 67-68 and ECF No. 32-1 at 1-11.  Finally, plaintiff submitted four pages of documents that relate to his request for copies of his 128-G and 114-D.  ECF No. 32 at 20-21 and 41-42.  These unrelated grievances will also not be considered.

[3] Cal. Code Regs. tit. 15, § 3084.6(b)(13) provides that an appeal may be rejected as incomplete.

Plaintiff provided an appeal form dated July 22, 2011, which indicates he re-filed his May 29, 2011, grievance. ECF No. 32 at 13-16. In this appeal, plaintiffs states, among other things, that his "602 is complete," and his "documents of [supporting] evidence are in [his] C-file." Id. at 16. Plaintiff refers the DVI appeals office to his file indicating they "can look it up as [support on] behalf of [his] complaint." Id. Both plaintiff and defendants provided a copy of the first level screening letter in response to plaintiff's July 22, 2011, appeal. ECF No. 29-12 at 4 and ECF No. 32 at 17. The appeal was received by the DVI appeals office on August 4, 2011, and a response was issued on August 29, 2011. Id. In the response, plaintiff was informed that the appeal was cancelled pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(2)[4] because it "duplicates a previous appeal upon which a decision has been rendered or is pending." Id. The letter instructs plaintiff to pursue the appeal that was screened out on June 10, 2011, and "follow instructions in order for processing." Id. As noted above, the instructions in the June screening letter directed plaintiff to provide the date of the assault and any supporting documents. ECF No. 32 at 26.

To the extent plaintiff argues in his opposition that he exhausted his administrative remedies regarding a failure to protect, the undersigned agrees with defendants that plaintiff has presented no evidence of actual exhaustion to the third level of review. As discussed above, exhaustion of all "available" administrative remedies is mandatory. Porter, 534 U.S. at 532. As the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). If employees of a facility prevent the filing of a grievance, the exhaustion requirement may be "unavailable" and defendants estopped from raising non-exhaustion as an affirmative defense. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff argues that defendants prevented him from exhausting his administrative remedies. ECF No. 32 at 4. In considering this argument, the court finds that, after carefully

---

[4] Cal. Code Regs. tit. 15, § 3084.6(c)(2) provides that an appeal may be cancelled because it "duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is pending."

7

reviewing plaintiff's documents and excluding unrelated grievances, plaintiff failed to address the deficiencies outlined in the June screening letter. Plaintiff did not re-file his appeal with the date of the assault or any supporting documents. ECF No. 32 at 13-16. While plaintiff alleges defendants prevented him from exhausting his administrative remedies, other than this conclusory assertion, this claim is not supported by evidence. These bare assertions of an inability to exhaust administrative remedies are insufficient.[5] Buckley v. Ritola, 2013 WL 2150034, at *5 (E.D. Cal. 2013).

Finally, plaintiff attempts to provide duplicate copies of his grievance regarding a failure to protect in an effort to prove his grievances were being ignored. See ECF No. 32 at 10-12. However, as noted above, the exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 83-84. Plaintiff's exhibits in support of his opposition show that his initial grievance was defective for failing to provide the date of the assault as well as any supporting documents. ECF No. 32 at 26. Submitting a duplicate grievance without addressing the deficiencies does not satisfy the exhaustion requirement when compliance with grievance procedures is required to properly exhaust. Woodford, 548 U.S. at 90-91; see also Cal. Code Regs. tit. 15, § 3084.4(a)(2) ("[t]he repeated filing of appeals that have been cancelled pursuant to subsection 3084.6(c)" is considered misuse or abuse of the appeals process). Plaintiff cannot attempt to circumvent the appeals process by repeatedly submitting the same deficient grievance and then claiming his grievances are being ignored. The June screening letter directed plaintiff to provide the date of

---

[5] In fact, plaintiff submitted a letter from defendant S.M. Salinas, Warden of DVI, dated September 30, 2011, indicating that "DVI's staff is conducting an inquiry into the allegations that are alleged to have occurred while Davis was housed at DVI." ECF No. 32 at 27-28. This letter is dated the same day plaintiff filed his complaint with this court, thus demonstrating pertinent relief remained available. Brown, 422 F.3d at 936-37. Moreover, defendant Salinas wrote a subsequent letter to plaintiff one month after his complaint was filed, on October 25, 2011, addressing plaintiff's concerns regarding the February 2, 2011, incident. ECF No. 32 at 29-30. However, this does not cure plaintiff's failure to exhaust administrative remedies for two reasons. First, defendant Salinas' letter does not show that plaintiff proceeded through the required levels of appeal. Barry, 985 F. Supp. at 1237. Second, even if defendant Salinas' letter serves as proper exhaustion, "a district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion,' even if there is exhaustion while suit is pending." Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (quoting McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam) (emphasis original)).

the action and any supporting documents. The subsequent grievance plaintiff re-filed failed to even provide the date of the action as requested by the June screening letter. ECF No. 32 at 16.

The undersigned acknowledges that the failure to provide a date may appear to be a minor technicality. However, requiring such details allows prison officials to take appropriate responsive measures. This is especially true given the sheer volume of grievances plaintiff has submitted with the appeals office. It is entirely possible the officials responding to plaintiff's grievances were under the impression that more than one assault occurred. Here, plaintiff's grievances fail to put the appeals office on notice as to the date of the occurrence, the parties involved, or where the assault took place. Without more, the appeals office officials would have been unable to diligently address plaintiff's grievance. Griffin, 557 F.3d at 1121 (in order to properly exhaust, an inmate must "'provide enough information . . . to allow prison officials to take appropriate responsive measures.'") (citing Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (alterations original)). Despite having been granted an opportunity to do so, plaintiff has failed to explain why he did not re-file his grievance with more details as requested in the June screening letter. Therefore, the court finds that the circumstances of this case demonstrate that plaintiff failed to exhaust all available administrative remedies prior to filing his complaint.

**IV.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1.   Defendants' motion to dismiss for failure to exhaust administrative remedies (ECF No. 29) be granted;

2.   Defendants' motion to strike plaintiff's sur-reply be denied as moot; and

3.   This case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE