1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL DAVIS,                              No.  2:11-cv-02585-JFM P

12              Plaintiff,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   SALINAS, et al.,

15              Defendants.

16

17   **I.     INTRODUCTION**

18        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an

19   action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's complaint, filed

20   September 30, 2011, against defendants S.M. Salinas, B. Landingham, E. Reynoso, W. Shirgul

21   and J. Cerda, for a violation of his Eighth Amendment rights.  ECF No. 1.  Pending before the

22   court is defendants' motion for summary judgment and motion to dismiss based on a failure to

23   first exhaust administrative remedies, filed on December 14, 2012.  ECF No. 29.

24        Plaintiff's claim arises from an incident that took place on February 2, 2011.  ECF No. 1.

25   In his complaint, plaintiff alleges he requested to be placed in administrative segregation on

26   December 30, 2010, but his request was denied.  Id.  Following this denial, plaintiff alleges he

27   was "forced out to a yard with several members" of a gang who assaulted him on February 2,

28   2011.  Id. at 5.  As a result, plaintiff alleges that defendants violated his Eighth Amendment right

1

1   to be free from cruel and unusual punishment "because of prison officials past failure to provide

2   safe housing." Id.  In his complaint plaintiff claims he attempted to exhaust his administrative

3   remedies "but the prisons are not letting [him] and are abusing the 602 process." Id. at 3.

4          In their motion for summary judgment and motion to dismiss, defendants set forth three

5   arguments: (1) defendants did not violate plaintiff's Eighth Amendment rights by failing to

6   protect him; (2) defendants are entitled to qualified immunity; and (3) plaintiff failed to exhaust

7   administrative remedies.  ECF No. 29-1.

8          Plaintiff was informed of the requirements for opposing a motion to dismiss for failure to

9   exhaust administrative remedies on December 14, 2012.  ECF No. 29 at 3.  Plaintiff filed an

10  opposition February 21, 2013 (ECF No. 32), and defendants filed a reply on March 11, 2013

11  (ECF No. 35).  Plaintiff filed a sur-reply on June 6, 2013 (ECF No. 36), and defendants filed a

12  motion to strike plaintiff's sur-reply on June 13, 2013 (ECF No. 37).[1]

13         After a careful review of the record, the court finds defendants' motion to dismiss is

14  dispositive, and therefore does not reach defendants' remaining arguments regarding whether

15  defendants failed to protect plaintiff or are entitled to qualified immunity.

16  **II.     MOTION TO DISMISS - FAILURE TO EXHAUST**

17  A.     Legal Standard Regarding Exhaustion

18         The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

19  provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

20  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

21  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

22  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516,

23  524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

24  confinement, whether they involve general circumstances or particular episodes, and whether they

25  allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

26  /////

---

27  [1] The court finds defendants' motion to strike plaintiff's sur-reply should be denied as moot given
    the court's recommendation to grant defendants' motion to dismiss for failure to exhaust
28  administrative remedies.

1    Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal

2    standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v. Churner, 532 U.S.

3    731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings,

4    notably money damages, exhaustion is a prerequisite to suit.  Booth, 532 U.S. at 741.  A prisoner

5    "seeking only money damages must complete a prison administrative process that could provide

6    some sort of relief on the complaint stated, but no money."  Id. at 734.  The fact that the

7    administrative procedure cannot result in the particular form of relief requested by the prisoner

8    does not excuse exhaustion because some sort of relief or responsive action may result from the

9    grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion

10   requirement include allowing prison to take responsive action, filtering out frivolous cases, and

11   creating administrative records).  The Supreme Court has cautioned courts against reading futility

12   or other exceptions into the PLRA exhaustion requirement.  See Booth, 532 U.S. at 741 n.6.

13   A prisoner need not exhaust further levels of review once he has either received all the

14   remedies that are "available" at an intermediate level of review, or has been reliably informed by

15   an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35

16   (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains

17   available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained

18   available, whether at unexhausted levels or through awaiting the results of the relief already

19   granted as a result of that process.  Id. at 936-37.

20   As noted above, the PLRA requires proper exhaustion of administrative remedies.

21   Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

22   agency's deadlines and other critical procedural rules because no adjudicative system can

23   function effectively without imposing some orderly structure on the course of its proceedings."

24   Id. at 90-91.  Thus, compliance with grievance procedures is required by the PLRA to properly

25   exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

26   otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.  When the

27   rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's

28   complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."

3

1    Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This requirement is because the primary

2    purpose of a prison's administrative review system is to "notify the prison of a problem and to

3    facilitate its resolution."  Griffin, 557 F.3d at 1120.

4          The State of California provides its prisoners the right to appeal administratively "any

5    departmental decision, action, condition or policy which they can demonstrate as having an

6    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides

7    them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

8    § 3084 .1(e).  In order to exhaust available administrative remedies within this system, a prisoner

9    must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal

10    on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)

11    third level appeal to the Director of the California Department of Corrections and Rehabilitation.

12    Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §

13    3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement

14    under § 1997e(a).  Id. at 1237–38.

15          Non-exhaustion under § 1997e(a) is an affirmative defense which is normally brought by

16    defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).

17    Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond

18    the pleadings to determine whether a plaintiff exhausted his administrative remedies.  Id. at 1119-

19    20.  Nonetheless, it remains well established that credibility of witnesses over material factual

20    disputes cannot be resolved on paper.  Thus, when ruling on an exhaustion motion requires the

21    court to look beyond the pleadings in the context of disputed issues of fact the court must do so

22    under "a procedure closely analogous to summary judgment."  Wyatt v. Terhune, 315 F.3d 1108,

23    1119, n.14 (9th Cir. 2003).  Doing so ensures that a process is followed to test whether disputes

24    over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine

25    and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of

26    by unrefuted declarations and exhibits.

27    /////

28    /////

1    B.      Analysis

2            At the time the underlying claims accrued, plaintiff was housed at Deuel Vocational

3    Institute ("DVI").  In support of their motion, defendants provided the declaration of J.D. Lozano,

4    Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation

5    ("CDCR").  ECF No. 29-9.  Chief Lozano described the grievance procedure for inmates held in

6    the CDCR, and submitted a copy of plaintiff's appeal history indicating there were two appeals

7    that were decided at the third level of review.  Id.  The first appeal that was denied at the third

8    level of review addressed a grievance submitted by plaintiff on August 21, 2011, regarding a

9    denial of food.  ECF No. 29-10 at 2-14.  The third level appeal decision was dated January 19,

10   2012; nearly four months after plaintiff filed his complaint.  Id. at 2.  The second appeal denied at

11   the third level addressed a grievance filed by plaintiff on July 22, 2011.  Id. at 16-40.  In this

12   grievance, plaintiff complains of having property taken from him by correctional officers.  Id. at

13   20.  The third level appeal decision was dated January 31, 2012; four months after plaintiff filed

14   his complaint.  Id. at 16.

15           Defendants also provided the declaration of R.S. den Dulk, Appeals Coordinator for DVI,

16   who provided a copy of plaintiff's DVI appeal history which included two first level appeal

17   screening letters.  ECF Nos. 29-11 and 29-12.  The screening letters indicate plaintiff's first

18   appeal was rejected on June 15, 2011, for a failure to provide the date of the action or any

19   supporting documents.  ECF No. 29-12 at 2.  The second screening letter indicates plaintiff's

20   appeal was rejected as a duplicate, and plaintiff was referred to the June 15, 2011, screening letter

21   for instructions.  Id. at 4.

22           In support of his opposition to defendants' motion, plaintiff submitted a staggering

23   number of exhibits in support of his argument that he "has [tried numerous] . . . times to exhaust

24   [administrative remedies] and defendants would not let him by ignoring or not responding to" the

25   /////

26   /////

27   /////

28   /////

5

1    grievances he filed.[2]  ECF No. 32.  While the exhibits are disorganized and difficult to decipher,

2    the court has conducted a thorough review of the documents.

3            Plaintiff submitted several duplicate grievance forms complaining of an assault.  See ECF

4    No. 32 at 10-16, 18-19.  In this group of documents, there are two grievances that do not contain

5    any indication of receipt by the DVI appeals office.  Id. at 10-11.  However, the third grievance,

6    dated May 29, 2011, shows that it was rejected at the first level on June 10, 2011.  Id. at 18.  In

7    this grievance, plaintiff alleges he was a victim of assault and also requests a copy of his 114-D

8    and 128-G.  Id.  Both plaintiff and defendants provided the screening letter in response to this

9    appeal.  ECF No. 29-12 at 2 and ECF No. 32 at 26.  In the first level screening letter, dated June

10   15, 2011 ("June screening letter"), plaintiff was informed that the appeal was being returned

11   pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(13),[3] because he failed to provide the date of the

12   action and any supporting documents.  Id.  Plaintiff was also advised of the procedure for

13   obtaining copies of his 128-G and 114-D.  Id.  The June screening letter clearly states at the

14   bottom that a rejected appeal cannot be appealed and that the inmate "should take the corrective

15   action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and

16   CCR 3084.8(b)."  Id.  Pursuant to Cal. Code Regs. tit. 15, § 3084.6(a)(2), "[a]n appeal that is

17   rejected pursuant to subsection 3084.6(b) may later be accepted if the reason noted for the

18   rejection is corrected and the appeal is returned by the inmate or parolee to the appeals

19   coordinator within 30 calendar days of rejection."

20   /////

21   [2] The court notes that plaintiff submitted duplicate copies of his exhibits.  For example, ECF No.
22   32 at 10-45 is a duplicate of ECF No. 32-1 at 12-47; ECF No. 32 at 47 is a duplicate of ECF No.
     32-1 at 48; ECF No. 32 at 49-68 is a duplicate of ECF No. 32-2 at 1-20; and ECF No. 32-1 at 1-
23   11 is a duplicate of ECF No. 21-31.  The duplicate copies will not be considered.  The court also
     notes that plaintiff submitted a number of documents that are wholly unrelated to plaintiff's
24   appeal regarding a failure to protect.  For example, plaintiff submitted thirty-one pages of
     documents related to a health care appeal in which plaintiff complains of "sharp pains" in his
25   "throat and neck."  ECF No. 32 at 24-25, 36-40 and 43-66.  Plaintiff also submitted thirteen pages
     of documents that appear to be related to a rules violation report in which plaintiff was found
26   guilty of "willfully delaying a peace officer in the performance of their duty."  ECF No. 32 at 67-
     68 and ECF No. 32-1 at 1-11.  Finally, plaintiff submitted four pages of documents that relate to
27   his request for copies of his 128-G and 114-D.  ECF No. 32 at 20-21 and 41-42.  These unrelated
     grievances will also not be considered.
28   [3] Cal. Code Regs. tit. 15, § 3084.6(b)(13) provides that an appeal may be rejected as incomplete.

1    Plaintiff provided an appeal form dated July 22, 2011, which indicates he re-filed his May

2    29, 2011, grievance.  ECF No. 32 at 13-16.  In this appeal, plaintiffs states, among other things,

3    that his "602 is complete," and his "documents of [supporting] evidence are in [his] C-file."  Id. at

4    16.  Plaintiff refers the DVI appeals office to his file indicating they "can look it up as [support

5    on] behalf of [his] complaint."  Id.  Both plaintiff and defendants provided a copy of the first level

6    screening letter in response to plaintiff's July 22, 2011, appeal.  ECF No. 29-12 at 4 and ECF No.

7    32 at 17.  The appeal was received by the DVI appeals office on August 4, 2011, and a response

8    was issued on August 29, 2011.  Id.  In the response, plaintiff was informed that the appeal was

9    cancelled pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(2)[4] because it "duplicates a previous

10   appeal upon which a decision has been rendered or is pending."  Id.  The letter instructs plaintiff

11   to pursue the appeal that was screened out on June 10, 2011, and "follow instructions in order for

12   processing."  Id.  As noted above, the instructions in the June screening letter directed plaintiff to

13   provide the date of the assault and any supporting documents.  ECF No. 32 at 26.

14       To the extent plaintiff argues in his opposition that he exhausted his administrative

15   remedies regarding a failure to protect, the undersigned agrees with defendants that plaintiff has

16   presented no evidence of actual exhaustion to the third level of review.  As discussed above,

17   exhaustion of all "available" administrative remedies is mandatory.  Porter, 534 U.S. at 532.  As

18   the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when

19   circumstances render administrative remedies "effectively unavailable."  Sapp v. Kimbrell, 623

20   F.3d 813, 822 (9th Cir. 2010).  If employees of a facility prevent the filing of a grievance, the

21   exhaustion requirement may be "unavailable" and defendants estopped from raising non-

22   exhaustion as an affirmative defense.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.

23   2002).

24       Plaintiff argues that defendants prevented him from exhausting his administrative

25   remedies.  ECF No. 32 at 4.  In considering this argument, the court finds that, after carefully

26   _____

27   [4] Cal. Code Regs. tit. 15, § 3084.6(c)(2) provides that an appeal may be cancelled because it
     "duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is
     pending."

28

7

1    reviewing plaintiff's documents and excluding unrelated grievances, plaintiff failed to address the

2    deficiencies outlined in the June screening letter.  Plaintiff did not re-file his appeal with the date

3    of the assault or any supporting documents.  ECF No. 32 at 13-16.  While plaintiff alleges

4    defendants prevented him from exhausting his administrative remedies, other than this conclusory

5    assertion, this claim is not supported by evidence.  These bare assertions of an inability to exhaust

6    administrative remedies are insufficient.[5]  Buckley v. Ritola, 2013 WL 2150034, at *5 (E.D. Cal.

7    2013).

8            Finally, plaintiff attempts to provide duplicate copies of his grievance regarding a failure

9    to protect in an effort to prove his grievances were being ignored.  See ECF No. 32 at 10-12.

10   However, as noted above, the exhaustion requirement cannot be satisfied "by filing an untimely

11   or otherwise procedurally defective administrative grievance or appeal."  Woodford, 548 U.S. at

12   83-84.  Plaintiff's exhibits in support of his opposition show that his initial grievance was

13   defective for failing to provide the date of the assault as well as any supporting documents.  ECF

14   No. 32 at 26.  Submitting a duplicate grievance without addressing the deficiencies does not

15   satisfy the exhaustion requirement when compliance with grievance procedures is required to

16   properly exhaust.  Woodford, 548 U.S. at 90-91; see also Cal. Code Regs. tit. 15, § 3084.4(a)(2)

17   ("[t]he repeated filing of appeals that have been cancelled pursuant to subsection 3084.6(c)" is

18   considered misuse or abuse of the appeals process).  Plaintiff cannot attempt to circumvent the

19   appeals process by repeatedly submitting the same deficient grievance and then claiming his

20   grievances are being ignored.  The June screening letter directed plaintiff to provide the date of

21

22   [5] In fact, plaintiff submitted a letter from defendant S.M. Salinas, Warden of DVI, dated
     September 30, 2011, indicating that "DVI's staff is conducting an inquiry into the allegations that
23   are alleged to have occurred while Davis was housed at DVI."  ECF No. 32 at 27-28.  This letter
     is dated the same day plaintiff filed his complaint with this court, thus demonstrating pertinent
24   relief remained available.  Brown, 422 F.3d at 936-37.  Moreover, defendant Salinas wrote a
     subsequent letter to plaintiff one month after his complaint was filed, on October 25, 2011,
25   addressing plaintiff's concerns regarding the February 2, 2011, incident.  ECF No. 32 at 29-30.
     However, this does not cure plaintiff's failure to exhaust administrative remedies for two reasons.
26   First, defendant Salinas' letter does not show that plaintiff proceeded through the required levels
     of appeal.  Barry, 985 F. Supp. at 1237.  Second, even if defendant Salinas' letter serves as proper
27   exhaustion, "a district court must dismiss a case without prejudice 'when there is no presuit
     exhaustion,' even if there is exhaustion while suit is pending."  Lira v. Herrera, 427 F.3d 1164,
28   1170 (9th Cir. 2005) (quoting McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per
     curiam) (emphasis original)).

1    the action and any supporting documents.  The subsequent grievance plaintiff re-filed failed to

2    even provide the date of the action as requested by the June screening letter.  ECF No. 32 at 16.

3         The undersigned acknowledges that the failure to provide a date may appear to be a minor

4    technicality.  However, requiring such details allows prison officials to take appropriate

5    responsive measures.  This is especially true given the sheer volume of grievances plaintiff has

6    submitted with the appeals office.  It is entirely possible the officials responding to plaintiff's

7    grievances were under the impression that more than one assault occurred.  Here, plaintiff's

8    grievances fail to put the appeals office on notice as to the date of the occurrence, the parties

9    involved, or where the assault took place.  Without more, the appeals office officials would have

10   been unable to diligently address plaintiff's grievance.  Griffin, 557 F.3d at 1121 (in order to

11   properly exhaust, an inmate must "'provide enough information . . . to allow prison officials to

12   take appropriate responsive measures.'") (citing Johnson v. Testman, 380 F.3d 691, 697 (2d Cir.

13   2004) (alterations original)).  Despite having been granted an opportunity to do so, plaintiff has

14   failed to explain why he did not re-file his grievance with more details as requested in the June

15   screening letter.  Therefore, the court finds that the circumstances of this case demonstrate that

16   plaintiff failed to exhaust all available administrative remedies prior to filing his complaint.

17   **IV.   CONCLUSION**

18        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign

19   a district judge to this case; and

20        IT IS HEREBY RECOMMENDED that:

21        1.    Defendants' motion to dismiss for failure to exhaust administrative remedies (ECF

22   No. 29) be granted;

23        2.    Defendants' motion to strike plaintiff's sur-reply be denied as moot; and

24        3.    This case be dismissed without prejudice.

25        These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2  objections shall be filed and served within fourteen days after service of the objections.  The

3  parties are advised that failure to file objections within the specified time may waive the right to

4  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  July 29, 2013.

7  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

10